It is well settled that an employee may show that she is unable to earn the same wages she earned before the injury, either in the same employment or in other employment in one of four ways: (1) the production of medical evidence that she is physically or mentally, as a consequence of a work-related injury, incapable of work in any employment, (2) the production of evidence that she is capable of some work, but that she has after a reasonable effort on her part, been unsuccessful in her effort to obtain employment, (3) the production of evidence that she is capable of some work but that it would be futile because of pre-existing conditions, i.e., age, inexperience, lack of education, to seek unemployment, or (4) the production of evidence that she has obtained other employment at a wage less than that earned prior to the injury.Russell v. Lowes Product Distribution, 108 N.C. App. 762 (1993).
In the present case, the majority erred in failing to find that the medical evidence of record establishes that plaintiff is mentally incapable of any employment as the consequence of her work-related injury under the first test of Russell. It is clear from the medical record that plaintiff suffers from somatization disorder, which causes her to turn emotional anxiety into physical complaints, and that such mental disorder is causally related to the lightning strike that she experienced on May 10, 2000. Since that time, plaintiff has exhibited a host of somatic problems, which include headaches, muscle aches, abdominal and bowel problems, loss of emotional control, whole body pain from head to foot on the right side of her body, depression, uncontrolled tearfulness, numbness and trembling in her arms, bladder spasms, hypochondriasis, and histrionic behavior.
Dr. Levin, a neuropsychologist who evaluated plaintiff at the behest of Dr. Hendler, plaintiff's treating psychiatrist, found that an individual with plaintiff's profile would typically exhibit a neurotic pattern of adjustment, and would probably receive a clinical diagnosis of somatization disorder. Dr. Demas, a neurologist and psychiatrist, also evaluated plaintiff. He testified that he felt plaintiff had somatization disorder, and evidenced her overly dramatic descriptions of her symptoms, her refusal to consider that there may be psychological reasons for her problems, and her seeking treatment from more and more physicians. Plaintiff was also seen by Dr. Long, a neurologist, who admitted that the number of complaints reported by plaintiff fit the classic definition of somatization disorder.
The majority, in finding that plaintiff clearly suffers from somatization disorder, failed to find that the mental disorder was caused by the lightning strike plaintiff experienced on May 10, 2000. This finding as to causation ignores the credible medical evidence of record that these problems began with the lightning strike, and were not presentbefore the strike. The majority found that causation did not exist because no physician testified that lightning can cause a somatization disorder. Rather, the physicians preferred to say that lightning was the "precipitating" or "triggering" event for plaintiff's somatization disorder. The undersigned finds that the physicians were merely attempting to express that lightning, in and of itself, does not cause somatization disorder; rather, it was plaintiff's mental response and psychological adjustment to the lightning strike that triggered the somatization disorder. Regardless of the semantics employed by the majority or the physicians who testified in this matter, it is clear from the medical evidence of record that but for the lightning strike that occurred in the course and scope of plaintiff's employment, plaintiff would not have suffered from somatization disorder.
Based on the evidence or record, the majority erred in failing to find that plaintiff's somatization disorder is causally related to the lightning strike that she experienced on May 10, 2000. The majority should have found that plaintiff is mentally incapable of any employment as the consequence of her work-related injury under the first test ofRussell. Plaintiff should be awarded continuing disability compensation and continuing medical treatment for her work-related injury. For these reasons, I respectfully dissent.
This 13th day of December 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER